UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HOOD,

                Plaintiff,              CASE NO. 20-12953

v.                                 HON. DENISE PAGE HOOD

ARG RESOURCES, LLC,

                Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 36]

## I.    INTRODUCTION

On November 2, 2020, Plaintiff filed the instant lawsuit asserting eight causes of action, including:

(a) race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Elliott-Larsen Civil Rights Act ("ELCRA") (Counts I and II); (b) gender discrimination under Title VII and the ELCRA (Counts IV and V); (c) age discrimination under the ELCRA (Count III); (d) retaliation under the Title VII and the ELCRA (Counts VI and VII); and (e) wrongful discharge under Michigan public policy (Count VIII).

ECF No. 1. *See also* ECF No. 7 (Amended Complaint).  On December 16, 2021, Plaintiff added a claim for disability discrimination under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA") (Count VIII, with the wrongful

discharge under Michigan public policy claim becoming Count IX). ECF No. 16 (Second Amended Complaint).

On February 18, 2022, Defendant filed a Motion for Summary Judgment, ECF No. 20, which the Court granted on July 19, 2022. ECF No. 32.  On August 16, 2022, Plaintiff timely filed a Motion for Reconsideration.

## II.    LEGAL STANDARD

Plaintiff cited Eastern District of Michigan Local Rule 7.1(h)(3) when he filed the Motion for Reconsideration. ECF No. 36, PageID.1639.  The Local Rules, however, have recently been amended, and Local Rule 7.1(h)(3) provides only that no response or oral argument are permitted unless the Court so orders.  Local Rule 7.1(h)(1) provides:

> (1) Final Orders and Judgments. Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.

The Court treats Plaintiff's motion as one brought pursuant to Rules 59(e) and 60(b).

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening

change in controlling law." *Owner Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).

> Under Rule 60(b), a court may grant relief from judgment in the event of:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) the satisfaction, release, or discharge of judgment; an earlier judgment being reversed or vacated; or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.

Judgment also may be altered or amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Courts, however, have consistently held that "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted). In the Sixth Circuit, Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances not addressed by the first five numbered clauses of the rule." *Id.* The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## III.   ANALYSIS

The facts and circumstances pertaining to Plaintiff's cause of action were set forth and analyzed in detail in the Court's Order Granting Defendant's Motion for Summary Judgment ("Summary Judgment Order"), ECF No. 32, and such facts, circumstances, and findings are incorporated by reference in this Order.

In the Summary Judgment Order, the Court held that Plaintiff did not establish a *prima facie* case with respect to his: (a) age discrimination claim at Count III; (b) retaliation claims at Counts VI and VII; (c) PWDRCA claim at Count VIII; and (d) wrongful discharge claim at Count IX, of the Second Amended Complaint.

With respect to Plaintiff's race and gender claims at Counts I, II, IV, and V, Defendant did not challenge that Plaintiff had established a *prima facie* case of race and gender discrimination. The Court found that Defendant offered legitimate, non-discriminatory reasons for its actions toward Plaintiff, including terminating him for cause. The Court then concluded that Plaintiff had not established that Defendant's legitimate, non-discriminatory reasons were mere pretext for race and/or gender discrimination against Plaintiff.

In his Motion for Reconsideration, Plaintiff contends that the Court did not consider the circumstances surrounding his termination, stating:

> . . . this Court asserted that Plaintiff had not offered any argument about how Defendant's actions were pretext for

discrimination. However, Plaintiff submitted that Defendant's actions constituted pretext because: (1) Hood performed his duties as GM the same way for 12 years before Arby's began issuing formal discipline; (2) Arby's decided to "hold [Hood] accountable" only after Hood suffered a stroke; and (3) Arby's held Hood to different standards and expectations compared to his white counterparts. (ECF No. 24, PageID.1251). Defendant failed to show why, after over a decade and a half of employment without incident, at a store that was known to perform poorly even before Plaintiff arrived, why Plaintiff began to be reprimanded for actions that he had not been reprimanded for in fifteen years. It was only after Ms. Jeczen, a white female, arrived to Plaintiff's restaurant and after he suffered a stroke that he began to be treated differently.

The issue with Defendant's actions is not whether other managers in the area were required to work similar shifts, but considering the history of accommodations in place for Plaintiff, whether Defendant's actions were reasonable. Only after Plaintiff suffered an injury did Defendant begin to treat Plaintiff adversely. There is evidence demonstrating that Defendant was dissatisfied with Plaintiff's performance for issues related to his health issues. Further, there is evidence showing that Defendant did not believe that a reasonable explanation for terminating Plaintiff existed. Instead, Defendant needed to look for and/or come up with a reason for firing Plaintiff. (ECF No. 25-15, Page ID. 1516). Defendant knew of Plaintiff's stroke and need for an accommodated schedule to account for childcare. In fact, Defendant had already been accommodating Plaintiff's schedule prior to bringing Ms. Jeczen into Plaintiff's restaurant. However, after Plaintiff's stroke, Defendant did not attempt to provide Plaintiff with or investigate his need for an accommodation. Instead, Defendant chose to replace Plaintiff with someone who would require less attention and who was a different race.

It is clear that Defendant's explanation for its adverse employment actions are based on material misrepresentations of the facts and surrounding circumstances of this case. It should not be so extraordinarily difficult for a plaintiff to get to a jury when he has

presented sufficient evidence of pretext for his employer's actions. A jury should decide whose reasoning is believable. Therefore, because this Court's order granting summary judgment contains palpable defects in relying on Defendant's version of facts as true, rather than Plaintiff's, it should be reconsidered.

* * * * *

. . . The store had never been among the highest performers, for reasons that preceded Plaintiff, and Defendant seemed to understand that and kept him employed for fifteen years until Jeczen came along to replace Plaintiff. A reasonable jury could find that suspicious.

It was only after Defendant's white female employee, Jeczen, who was brought in to replace him, began to complain that management even bothered to search for reasons to fire him. The timing of the alleged decline of Defendant's satisfaction with Plaintiff's performance suggests that it was a more than mere coincidence. Rather, when taking Plaintiff's allegations as true, a reasonable jury could conclude that Defendant's actions against Plaintiff were pretextual simply to avoid offering the appropriate accommodations Plaintiff needed—several of which he had already received in the years prior to Jeczen's arrival. As stated above, Plaintiff's assertions and not Defendant's should have been taken as true.

ECF No. 36, PageID.1639-40, 1641-42.

Plaintiff does not directly discuss Rule 59(e) or Rule 60(b) in the Motion for Reconsideration. Plaintiff does not appear to make any argument therein that: (1) the Summary Judgment Order was based on a clear error of law; (2) there is newly discovered evidence that was not previously available to the parties; or (3) there has been an intervening change in controlling law. Accordingly, the Court concludes that none of the three Rule 59(e) criteria can be satisfied.

With respect to Rule 60(b), the Court finds that Plaintiff has made no argument relative to parts (1)-(5).  The Court therefore shall consider the Motion for Reconsideration in the context of part (6) (whether there is "any other reason that justifies relief").   In essence, Plaintiff argues that the Court accepted Defendant's version of the "facts" as true but not Plaintiff's version of the "facts," contrary to dictates of Rule 56 and applicable case authority.

The Court is not persuaded by Plaintiff's arguments.  In the Motion for Reconsideration, Plaintiff generally regurgitates arguments set forth in his response to the motion for summary judgment – most of which the Court specifically addressed in the Summary Judgment Order.  For example, the first paragraph identified above is taken almost verbatim from Plaintiff's argument in the response brief. *See* ECF No. 24, PageID.1251.  The argument Plaintiff makes sounds feasible but, as the Court indicated in the Summary Judgment Order, <u>Plaintiff did not offer any evidence to support the arguments</u>, especially as to how female or white co-workers (specifically, managers) were treated differently. Plaintiff simply disagrees with the Court's analysis, which does not establish a palpable defect or otherwise constitute a reason that justifies relief from the judgment.

Plaintiff's arguments in the second paragraph focus on Defendant's alleged refusal to accommodate Plaintiff after his stroke, which Plaintiff asserts is

7

actionable because Defendant had accommodated him in the past. The Court, however, concluded that Plaintiff did not even establish a *prima facie* case of any disability discrimination. ECF No. 32, PageID.1614. In the absence of a *prima facie* case, there was no need to assess whether Defendant's stated reason for taking adverse actions against Plaintiff (including termination) were pretext for disability discrimination. The Court also notes that this argument is not new, as these positions were well-developed in Plaintiff's response brief. *See* ECF No. 24, pageID.1253-55.

The third paragraph offers only argument, without identifying any evidence or specifics that would allow the Court to conclude what the "material misrepresentations" were or that there was any palpable defect by which it or the parties were misled.

The fourth and fifth paragraphs primarily assert a failure to accommodate Plaintiff's request to work on weekends. This issue was thoroughly briefed by Plaintiff, *id.* at PageID.1247-48, 1253-55, and the Court directly analyzed it. As the Court held in the Summary Judgment Order, Plaintiff offered no evidence that his request to not work on weekends was based on – or denied because of -- his race, gender, or because he had an alleged disability (Plaintiff was employed for two years after he had a stroke). Rather, Plaintiff's request stemmed from his

desire to be home due to child-care needs. *Id.* at PageID.1245, 1249, 1253, 1256. Plaintiff also did not submit any evidence that any other manager was permitted to not work the company's requisite schedule for managers.  In addition, Plaintiff never indicated that he had a disability or impairment due to the stroke, no evidence was proffered that Defendant treated him differently because of the stroke, and no evidence that Plaintiff requested any accommodation attributable to the stroke or its effects. ECF No. 32, PageID.1613-14.

For all of these reasons, the Court finds that Plaintiff has not demonstrated a palpable defect in the Summary Judgment Order, nor has he established any exceptional or extraordinary circumstances, any other reason that justifies relief, or how alteration of the judgment is necessary to prevent manifest injustice.  The Court therefore denies Plaintiff's Motion for Reconsideration.

## IV.   CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [ECF No. 36] is DENIED.

Date: December 21, 2022          s/Denise Page Hood
                                 DENISE PAGE HOOD
                                 UNITED STATES DISTRICT JUDGE